IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARK ANTHONY BURK<br><br>Plaintiff<br><br>v.<br><br>RAFAEL PRESTAMO, CHARLES SURFACE<br>RP MANAGEMENT CORP.<br><br>DEPARTMENT OF PARKS & RECREATION<br>CITY OF BAYAMON<br>*DOES 1 - 20*<br><br>Defendants | 14-1807 PG<br>CAUSE OF ACTION<br>1. VIOLATION TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 TITLE VII, 42 U.S.C. §§ 2000e<br>2. INTENTIONAL DISCRIMINATION SECTION §§ 1983 1981(a)(c)<br>3. TORT ACTION DEFEMATION LIBEL<br><br>**DEMAND JURY TRIAL** |

**TO THE COURT:**

COMES NOW PLAINTIFF Mark Anthony Burk through subscribing in Pro Se respectfully alleges and prays

**1.**

**STATEMENT OF THE CASE**

1. Mark Anthony Burk Herein referred to as ("Plaintiff") brings forth this action against Rafael Prestamo, Charles Surface, RP Management, and Department of Parks and Recreation City of Bayamon to redress employment discrimination on the basis of Plaintiff's National Origin, Race, on failure provide equal opportunity for employment, during the application of employment and retaliatory actions all in violation of the Violation TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 TITLE VII, 42 U.S.C. §§ 2000e 42 U.S.C. §§ 1983 1981 (a)(1). et seq. Plaintiff further alleges that defendant's illegal actions violated his right to dignity, reputation and honor under sections 1, 8 and 16 of Article II of the Constitution of the Commonwealth of Puerto

1

Rico and also seeking redress under Article 1802 of the Puerto Rico Civil Code, 31 LP.R.A. 5141.

2. Due to the discriminatory, illegal and willful actions of the RP Management, Rafael Prestamo Charles Surface and Department of Parks and Recreation. Plaintiff seeks compensatory damages for deprivation of rights, mental and emotional suffering and punitive.

## 11. JURISDICTION

3. This complaint is bought under the provisions of the 42 U.S.C 1983 and subject matter jurisdiction 42 U.S.C. 1981 et. al.

4. Supplemental jurisdiction for the causes of action invoked under the Constitutions land the laws of the Commonwealth of Puerto Rico is invoked under 28 U.S.C. §1367.

5. Venue is appropriate in the Court pursuant to 28 U.S.C. §1391, as this action is brought in the judicial district in which the discriminatory, retaliatory, and unlawful actions against Plaintiff occurred. State and federal claims hereinafter set forth derive from a common nucleus of operative facts.

## III. THE PARTIES

6. Mark Anthony Burk referred herein ("Plaintiff") or "Burk" is of legal age, a natural citizen of the United States of America and a resident 512 Pachin Marin, Hato Rey, Puerto Rico 00917. At present time, is unemployed and on government relief food stamp program.

7. Defendant RP Management contracted by a public agency charged with contracting administering RP Management with mailing address Carr. 177 Inter, Avenida Laurel Bayamon, Bayamón, Puerto Rico 00959

8. Defendant Rafael Prestamo referred herein ("Rafael") is of legal age and a natural citizen of the United States. Mailing address Carr. 177 Inter, Avenida Laurel Bayamon, Bayamón, Puerto Rico 00959

9. Defendant Charles Surface ("Surface") is of legal age and resident of Puerto Rico. The defendants address Car. 177 Inte Avenida Laurel Bayamón, Bayamón, Puerto Rico. 00959

10. Defendant Department of Parks and Recreation address is located at PO.Box 1588 Bayamon, Puerto Rico 00960

11. Defendants are being brought before this Court in both individual and official capacities for the violations of plaintiff's rights.

## VI. THE FACTS

12. On or around April 2014, "Burk" began to search for employment, this possibility was limited, only one golf club centrally located. The former San Juan Driving Range was closed permanent at that time.

13. On or about August 1 2014, plaintiff sent several emails to the former Director of Golf Mr. Carlos Crespo. These emails were in reference to become a golf instructor at Bayamon and also to bring customers as existing clients who sought golf lessons from the "plaintiff"

14. In the month of August the "Plaintiff" spent several months and as long as a year using the facilities in good faith and working on his lifelong goals in life, to become a Champion Tour Player. Plaintiff has made three previous attempts.

15. During these stents of long hours and secluded practice habits and regimen, "Burk" the "Plaintiff" always respected the boundaries of fellow teaching professional instructors and staff. This standard of respect is deployed at all times. The high standards of professional

3

conduct are the respected standard in the game and with honor. That respect is universal in the game of golf.

15. After several attempts "Burk" the "Plaintiff" asked a fellow businessman and friend if he knew anything about work as an independent contractor or concessionaire at Bayamon Golf Club. The witness (see declaration) paid a visit to Bayamon. Defendant "Surface" about hiring the "Plaintiff" This was clearly understood by "Plaintiff" and agreed. The employment or concessionaire independent contractor agreement was clear on Friday September 19, 2014.

16. On Friday September 19, 2014 at around 4pm. with the advice of "witness" "Plaintiff" contacts Defendant "Surface " the conversation was well received and agreed that Plaintiff would be hired but rent of 350.00 paid each month as part of the employment agreement by Bayamon Golf Club.

17. Defendant partner/ owner "Surface" agreed to the opportunity offered (see declaration of witness attached to exhibit to complaint) this meeting was now scheduled for Monday September 22, 2014 at 7:30 am. on the next business day.

18. "Plaintiff" planned to raise the money to get this long awaited opportunity. Saturday 20th. passed with no other instructions from Defendant "Surface" Monday 22nd meeting work for hire on point.

19. On September 21, 2014 which was a Sunday at noon, the "Plaintiff" receives an email from Defendant "Rafael" retracted the decision to not allow "Plaintiff" "Burk" the same opportunity that others have been given. "Burk" was told in writing that the "Plaintiff" needed to "work his way up like everyone else in Puerto Rico" and that "being a pro is not a right, its earned "Plaintiff's" entire life is online. www.markburk.com and public record. "Plaintiff" was

denied employment or opportunity to earn a living in the field "Plaintiff " might have more expertise than both "Defendants" who are considered professional instructors.

20. On September 21, 2014 "Rafael" violated the "Plaintiff" in multiple ways and in writing. The statements made by Defendant "Rafael" the email labeled Rio Mar exhibit (a) in a complaint letter to the Honorable Mayor of Bayamon, this letter was copied to Department of Parks and Recreation.  The letter was never responded to.by the Honorable Mayor or Department of Park and Recreation.

21. Defendant "Rafael targeted "Plaintiff" with allegations of employment fraud  which are the basis for the Tort of Intentional Discrimination 42 U.S.C. § 1981 (a)(c)

22. Prior to the employment rejection, August 14, 2014 "Plaintiff" sent all staff members Carlos Crespo a *third email* request that included "Plaintiff" trip to Minnesota in "Burk's attempt to qualify for the 3M Championship on the Champions Tour. The reason the plaintiff included that exhibit was to demonstrate "Burk's" good  will and  giving back to the game. The email referred to the foundation of The FIRST TEE of St. Paul Minnesota, the FIRST TEE is supported, fund and endorsed by the USGA as well PGA Tour.

23. Plaintiff email August 14, 2014 to Carlos Crespo, Rafael Prestamo has never been responded by "Rafael" or Bayamon Golf Club

24. "Rafael" does not carry or ever been a member of the PGA of America or a Class A PGA Professional. Not giving the credentials of Class A PGA Professional Wittenberg, the importance of this will be relevant on its merits in this case.

25. Dependent "Rafael" was fully aware of this exhibit August 14th attached to "Plaintiff's" email sent to Carlos Crespo then forwarded to the only email to "Rafael provided by

5

Plaintiff in the month of August and early September 2014. Plaintiff was never contacted in response by Mr. Crespo and Defendant (s) in this employment request.

26. "Plaintiff" received an email on September 21, 2014 just twelve hours away from getting the work, the Plaintiff felt he earned and respect at Bayamon Golf Club in his two years in this country. Defendant "Rafael" felt completely different and without just cause unprovoked launched the email referenced as Rio Mar on a Sunday afternoon September 21, 2014 the letter was clearly arbitrary and discriminatory, "Plaintiff" alleges a malicious act of tortuous interference by Defendant "Rafael" as the remarks were defamatory spurious, hurtful, and now actionable. The Plaintiff is/was unemployed but was willing to pay to go to work. The employment policy was simply pay rent synonymous with a permit or concessionaire selling hot dogs or Pinchos. "Plaintiff" will seek relief under public policy U.S.C. Section 1983 V11 Civil Rights Act 1964 Discrimination National Origin. "Plaintiff" refers to the definition of Public Policy of employment in the city of Bayamon, Parks an Recreation.

27. "Plaintiff" refers to what is the public policy for employment in the city of Bayamon Parks and Recreation regarding race or national origin. Plaintiff is filing a discrimination complaint under Title V11 1983 et. als.

28. October 8, 2014 "Plaintiff" filed complaints with the Puerto Rico Department of Labor EEOC # 515 - 2015 - 0018 as an investigation began.

29. On October 10, 2014 Plaintiff filed a complaint to ACLU of Puerto Rico National Chapter under VII U.S.C. section 1983 the plaintiff supported both agencies EEOC and ACLU with a declaration from a witness under the penalty of perjury.

30. "Plaintiff" supported both agencies with the names of other *employees* that were hired during the same time the Plaintiff was denied.

31. On October 29, 2014 Department of Labor EEOC sent Plaintiff a letter of Right to Sue. EEOC acknowledged the facts, but jurisdiction under the independent contractor policies were not covered but the statute covers the "application" under EEOC see 42 U.S.C.§1981 Discrimination Employment Upon Application.

## V. VIOLATION TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### TITLE VII, 42 U.S.C. §§ 2000e
### VIOLATION OF CIVIL RIGHTS
### 42 U.S.C. § 1983 et. al.

32. The allegations contained in paragraphs 1 through 31 are realleged as if fully incorporated herein.

33. The events described were taken based on discriminatory attitude with respect to plaintiff's constitutional rights the perception of the extent thereof.

34. The Defendants RP Management, failed to provide reasonable answer why Plaintiff was denied employment.

35. As a matter of record denied employment based on one defamatory email that is the subject matter to this complaint as "Plaintiff" alleges "no gringos allowed" policy seems to be the Public Policy for employment or concessionaire in the City of Bayamon and Department of Recreation.

36. The plaintiff alleges a Violation of Civil Rights 42 U.S.C. § 1983 under the requirements enforced are:

(a) the Plaintiff belongs to a protected group;

(b) that Plaintiff is qualified for the position;

(c) the Plaintiff has suffered an adverse employment action

d) that other similarly-situated employees, not in Plaintiff protected class were more treated more favorably.

37. The "Plaintiff" belongs to a protected class and the facts support the qualifications of Plaintiff's ability as s a pro/ instructor. The Defendant "Rafael" was not going to make that happen at Bayamon Golf Club.

38. Plaintiff alleges, no matter what qualifications the Plaintiff had prior. under Title VII §§1981 and 1983: the Defendant acted with malice, willfulness, or reckless contempt, and disregard for the plaintiff's federally protected rights. see (*Castaneda v. University of Texas at San Antonio, 2003 W.TLW.D.Tex.,2003*).

38. On October 5. 2014 the Plaintiff filed a complaint with EEOC under U.S.C. §1981 and 1983: which state in pertinent; "national origin discrimination broadly as including, but not limited to, the denial of equal employment opportunity because of an individual's, or his or her ancestor's, place of origin.

39. All of the above constitute illegal discrimination in violation of the 42 U.S.C. § 1983 relating to discrimination direct discrimination U.S.C. Section 1981(a)(c) failure to provide equal rights under State and Federal Laws the plaintiff is entitled to injunctive relief and compensatory damages.

40. The defendants' actions alleged herein were taken with malice and/or with reckless indifference to plaintiff's federally protected right, entitling plaintiff to punitive damages herein

## VI. SECOND CAUSE OF ACTION INTENTIONAL DISCRIMINATION
## U.S.C. §§ 1983 1981(a)(c)

41. Allegations contained in paragraphs 1 through 40 are realleged as if fully all of the above constitute illegal racial discrimination and national origin in violation of the laws of Puerto Rico, specifically Act Nos. 44, 88, 100, 115, for which the plaintiff is entitled compensatory damages, equitable and declaratory relief 1981),

42. The Plaintiff is asking the court grant compensatory and punitive damages as allowed in subsection (b), in addition to any relief authorized by section 706(g) of the Civil Rights Act of 1964, from the defendant(s)

43. The Plaintiff was denied employment under 42 U.S.C. § 1981 in pertinent provides: (a) All persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all 42 U.S.C. 51

44. The Plaintiff as a result of the discriminatory act has been denied employment not based on his qualifications. The Plaintiff was flown to Puerto Rico by the Government of Puerto Rico to conduct a golf exhibition teaching seminar during year of 2012.

45. The Plaintiff is a public figure specific to a channel that highlights major golf events and is the "golf television channel" plaintiff was qualified in 2012 to give a *golf clinic* to the Bayamon Golf Club, not only one day event but a tree day golf clinic

46. Defendant "Rafael" knew all of this prior, but the defendant goes further making allegations and by accusing the Plaintiff attempted to get employment at Rio Mar then Trump International and now "trying the same thing at Bayamon" those statement made in writing by

defendant "Rafael" is illegal. Under 42 US.C.§ 1983 1981(a) on the application for employment regarding defendants and against a persons the "Plaintiffs" civil rights or equal employment opportunity.

47. The EEOC agreed that the allegations made by Defendants "Rafael" were potentially discriminatory on evidence presented by "Plaintiff" to investigator. EEOC asked if other employees were hired during this time period and asked for evidence. Plaintiff provided the evidence which was accepted and agreed that this was evidence needed. EEOC investigator dismissed the case based jurisdiction but issued a "Right to Sue" letter, the job application for employment for independent contractor was not in EEOC Jurisdiction. but in accordance with U.S.C.Section 1981( a) application of employment states whether or not a private company or an independent contractors, covenant of good faith and fair dealing could be deemed to extend the protection against discrimination in the perform of a contract (*See Pirruccello, 84 TEX. L. REV. at 215*)

48."Plaintiff" s indigent and still unemployed while other race and national origin pro / teachers that are local Puerto Rican simply got hired. The right to earn an honest living was halted on September 21, 2014.

48.The plaintiff will provide the court with evidence that will support that at least five and as many as ten new employees were hired in the same window of time the "Plaintiff was alleged agreed employment by Defendant "Surface".

49. Plaintiff alleges "Rafael" the alleged partner of Charles Surface RP Management that "Rafael" was informed only hours before his new pro/instructor the "Plaintiff" was going to be hired by Defendant and partner Defendant " Surface" who was spirited in good faith just prior.

50. Plaintiff alleges that "Rafael" with the intent, discriminated based on nation origin and race. The statement made in the email was targeted without cause, to deny "Plaintiff" employment opportunity.

51. Plaintiff is a golf professional and teaching professional that was, in the past, hired by Warner Brothers Studios, as the corporate professional, consultant to teach Academy Award Winning actress Halley Berry and Hugh Jackman in the movie "Swordfish" Plaintiff was paid five thousand dollars for 3 days on the set, also Plaintiff recognized as a renowned teacher highlighted on Fox News 2002 for developing inner city golf champions. "Plaintiff" alleges his experience and qualifications can equal or match any other new employees or contractors, "Plaintiff" simply is not the correct national origin or race in accordance cities Public Policy and defendant "Rafael" RP Management.

52. The Plaintiff is entitled to compensatory damages, equitable and declaratory relief under Section 1981(a) "Plaintiff" seeks compensatory and punitive damages and plaintiff demands a jury trial. 42 U.S.C. § 1981a(c).

### VII. THIRD CAUSE OF ACTION
### TORT DEFAMATION LIBEL

53. The allegations contained in paragraphs. 1 through 52 are realleged as fully incorporated herein. The Defendant "Rafael" on September 21, 2014 the email referenced Rio Mar was not sent to the "Plaintiff" as private.

53. "Rafael" felt compelled to engage other recipients which included Charles Surface, Carlos Crespo, and Miguel Zayas. Defendant "Surface" is alleged partner in RP Management,

Carlos Crespo was the former Director of Bayamon Golf Club and upon information and belief still holds an executive position, mainly Golf Operations, Miguel Zayas if my partner in the current film Documentary *"Surviving Golf"* and *"Go Gringo"* as viewed on www.sentidocomun.tv.

54. Miguel Zayas is the CEO. of Sentido Comun a Production Company that is renowned worldwide. Sentido Comun is validated by the Film Commissions and Department of Tourism as a leader in production quality and in the union.

55. Plaintiff alleges that "Rafael" knew all of this prior to the copied email referenced *Rio Mar*, but without hesitation, without knowing "Plaintiff" true relationship with "Zayas" sent out that letter with the sole purpose to defamed, ridicule embarrassed, underscored the "Plaintiff" ability as a professional, and accused the Plaintiff of employment fraud.

56. "Rafael" is a television personality seen on local cable television "Rafael" knows the story of "Burk" and the filming currently going on from time to time. "Rafael" knowing all of this, set out a smear campaign in one email retracting an employment opportunity previously offered a day prior. The intent to defame the "Plaintiff" was a smokescreen for a violation "Plaintiffs "National Origin and Protected Class.

57. Plaintiff alleges a distinct motive far beyond jealous personal issues, "Go Gringo" & "Surviving Golf" are projects in the best interest of the country of Puerto Rico. "Zayas" a leader in production was very concerned about these remarks made by "Rafael" and is reluctant to patronize the Bayamon Golf Club. "Zayas" has spent well over one thousand dollars at Bayamon Golf Club during his 1 year introduction to the game of golf. "Zayas" planned to join the new

intended to bring new clients to the Bayamon Golf Club to build a business and support the facilities.

58. Plaintiff alleges the comments made caused damage to "Burk's" reputation. "Rafael" claiming to a partner that "Burk is not a pro and that title is earned" than refers "Plaintiff" become a caddy and refers "Plaintiff" start at the bottom and work my up like everyone else in the country.

59. Defendant "Rafael" stated with intent, knowing that the statements made were untrue, statements claiming "Burk" was **not** a qualified professional. Those statements greatly affected my relationship with 3rd party and partner "Zayas" and furthermore underscored my good faith as a *representative* of a potential worldwide media project. "Rafael" also copied the former Director of Bayamon Golf Club Carlos Crespo with the sole purpose of embarrassing and humiliating, malicious attacks that were all untrue.

"Plaintiffs" character and reputation were damaged, the defendant was reckless and Libel.

60. Plaintiff seeks relief for the damages suffered by "Rafael" in the amount no less than $100.00.00

**WHEREFORE**, Plaintiff prays for judgment in their favor and

against Rafael Prestamo Charles Surface Department of Parks
and Recreation City of Bayamon

(1) Ordering defendants to compensate Burk in the following amounts:

a.) $250.000.00 in damages suffered as a result of the Violation of Plaintiff Civil Rights Act. 42 U.S.C. 1983 et. al. amongst the

parties; b.) $1,000,000.00 in punitive and compensatory damages suffered as a result of the Intentional Discrimination U.S.C. 1981(a) (c)

c) $100.000.00 for damages suffered as a result of Tort Defamation Libel.

(2) Granting plaintiff any further relief proper and as the court deem just and equitable.

**RESPECTFULLY SUBMITTED,**

In the Capitol City of San Juan, Puerto Rico on this 5th day of November of the year 2014

_____

Mark Anthony Burk in *Pro Se*

Mark Anthony Burk
512 Pachin Marin # 2
Hato Rey PR 00917
Tel. 787 321 5795
www.dreamchasermbpr@gmail
www.markburk.com